# WINTROATH *v.* CHAPMAN.

PATENTS; INTERFERENCE; LACHES.

1. The decision of the court in *Rowntree* v. *Sloan*, 45 App. D. C. 207, that, in analogy to the time allowed by the statute for amendments to applications (Rev. Stat. sec. 4894, Comp. Stat. 1916, sec. 9438), a failure for more than one year to make a divisional application

amounted to laches and barred its allowance, was not *obiter dictum*, although the delay in that case was thirty-six months; and this court adhered to its ruling in that case, with the modification, however, that the period should be one year unless the applicant should satisfy the Commissioner that the delay was unavoidable. (Citing *Lotz* v. *Kenney*, 31 App. D. C. 205.)

2. While the jurisdiction of this court in an interference case is confined to a determination of the question of priority of invention, it has a right, in arriving at a conclusion upon that question, to consider and determine the question of laches on the part of one of the parties in filing a divisional application.

3. Priority in an interference proceeding is the ultimate question for determination; but before it can be reached it may be, and usually is, necessary to decide one or more incidental or ancillary questions. (Citing *Milton* v. *Kingsley*, 7 App. D. C. 531; *Stevens* v. *Seher*, 11 App. D. C. 245; *Paul* v. *Johnson*, 23 App. D. C. 187; *Wickers* v. *McKee*, 29 App. D. C. 4; *Metthes* v. *Burt*, 24 App. D. C. 265; *Yates* v. *Huson*, 8 App. D. C. 93; *Sherwood* v. *Drewson*, 29 App. D. C. 161; *Huebel* v. *Bernard*, 15 App. D. C. 510; *Podlesak* v. *McInnerney*, 26 App. D. C. 399; and *Wickers* v. *McKee*, 29 App. D. C. 4.)

4. The dispute in an interference case is in respect to which one of the parties is entitled to an award of priority invention (following *Foster* v. *Antisdel*, 14 App. D. C. 552 and *Prindle* v. *Brown*, 24 App. D. C. 114); and neither party will be allowed to show that the other was not entitled to a patent for the invention, either because it was not patentable, or his right to a patent was barred by the statute of public use, or for any other reason.

No. 1132 Patent Appeals. Submitted January 16, 1918. Decided March 4, 1918.

Hearing on an appeal from a decision of the Commissioner of Patents in an interference case.            *Reversed.*

The facts are stated in the opinion.

*Mr. Paul Synnestvedt* and *Mr. H. L. Lechner* for the appellant.

*Mr. John L. Jackson* for the appellees.

Mr. Chief Justice Smyth delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents in an interference case. Appellant, John A. Wintroath, obtained his patent in 1913. In 1909 appellees. Matthew T. Chapman and Mark C. Chapman, filed an application for a patent which disclosed the invention of the issue, but did not claim it. On July 6, 1915, twenty months after the granting of the Wintroath patent and more than six years after the filing of their parent application, the appellees filed a divisional application embracing the claims of the issue. An interference having been declared, appellant asserted that, because appellees were remiss in making their claims, they were barred. In support of this, appellant points to our decision in *Rowntree* v. *Sloan*, 45 App. D. C. 207, where it was held that, in analogy to the time allowed by the statute for amendments to applications (Rev. Stat. sec. 4894, Comp. Stat. 1916, sec. 9438), a failure for more than one year to make a divisional application amounted to laches and barred its allowance. The Commissioner refused to follow the decision on that point; saying it was *obiter* and ruling that in his judgment the time should be two years instead of one, on the analogy of the statute which gives an inventor that length of time after a patent has emerged to another for his invention before it is necessary for him to file his own application. (Rev. Stat. sec. 4886, Comp. Stat. 1916, sec. 9430.) He therefore decided that the appellees were not chargeable with laches, and awarded them priority.

We do not think the decision in the *Rowntree Case* on the point referred to is *obiter*. The delay on that case was for thirty-six months. It was necessary to decide whether or not it constituted laches, and in doing so it was proper to indicate the limit—one year—beyond which delay would amount to laches.

Nor do we believe that the two-year rather than the one-year period should prevail. True, there is some resemblance between the divisional application of the Chapmans and an application of an inventor whose invention has been patented to another, but it is not as intimate as that which exists between their application and one for leave to amend. Their application, if granted,

would be in the nature of an amendment to their parent application, and would date back to it (*Lotz* v. *Kenney*, 31 App. D. C. 205), while there is no element of an amendment in the application of an inventor under the two-year statute. In the one case there is something to amend, in the other nothing. We therefore adhere to the ruling in the *Rowntree Case*, but with this modification however,—the period should be one year unless the applicant shall satisfy the Commissioner that the delay was unavoidable. This brings the holding into closer harmony with the statute governing amendments (Rev. Stat. sec. 4894, Comp. Stat. 1916, sec. 9438) than is done by the *Rowntree Case*.

Appellees assert that, however this may be, we have no right to consider laches in an interference proceeding; and they cite a number of decisions of this court to the effect that our jurisdiction in such proceedings "is confined to a determination of the question of priority." Undoubtedly that is the law. But, what is meant by priority? Does it mean priority of conception or of reduction to practice with diligence, or reduction to practice without diligence, or all of these things and more? In determining the question of priority we have considered which party procured from the other the idea of the invention (*Milton* v. *Kingsley*, 7 App. D. C. 531); whether there had been a reduction to practice (*Stevens* v. *Seher*, 11 App. D. C. 245); lack of reasonable diligence (*Paul* v. *Johnson*, 23 App. D. C. 187; *Wickers* v. *McKee*, 29 App. D. C. 4); concealment (*Methhes* v. *Burt*, 24 App. D. C. 265); existence of reasonable diligence (*Yates* v. *Huson*, 8 App. D. C. 93); the effect of constructive reduction to practice (*Sherwood* v. *Drewson*, 29 App. D. C. 161); that one party was the agent of another (*Milton* v. *Kingsley*, 7 App. D. C. 531; *Huebel* v. *Bernard*, 15 App. D. C. 510); and the right of a party to make the claims of the issue (*Podlesak* v. *McInnerney*, 26 App. D. C. 399; *Wickers* v. *McKee*, 29 App. D. C. 4). Priority in an interference proceeding is the ultimate question for determination; but before it can be reached it may be, and usually is, necessary to decide one or more incidental or ancillary questions, as is shown by the decisions just referred to and others which might be cited.

It is argued that, because we have also held that in an interference proceeding we would not decide whether there existed

a statutory bar to the granting of a patent to the successful party, or whether either of the parties to the interference would ultimately have the right to a patent, we should not, if we follow the doctrine of those decisions, consider laches in this case. This does not follow. There is a clear distinction between those questions and laches as it arises in this case. It relates to a different purpose.

The dispute in an interference case is in respect to which one of the disputants is entitled to priority concerning a given alleged invention. (*Foster* v. *Antisdel,* 14 App. D. C. 552, 555; *Prindle* v. *Brown,* 24 App. D. C. 114.) Let us suppose that A and B are the contestants. If it be held that as between them A conceived and reduced the invention to practice in 1915, but that B never thought of it until 1916, it would profit B nothing to show that A could not secure a patent for the invention, either because it was not patentable, or his right to a patent was barred by the statute of public use, or for any other reason. Therefore such a showing would be immaterial. These infirmities in A's situation would present questions between him and the Patent Office, in which B as an applicant would have no interest whatever. They would arise in a proceeding different from an interference proceeding, and one in which the parties were not the same. Consequently our holdings that the bar of the statute of public use, lack of patentability, and similar questions are not justiciable in an interference proceeding, are in no way inconsistent with the holding that laches is.

There is nothing in the record to show that the Chapmans' delay in presenting their application was unavoidable.

In view of what has been heretofore said, the decision of the Commissioner is reversed, and priority as to all the claims of the issue is awarded to John A. Wintroath.          *Reversed.*

A petition for a rehearing was denied March 23, 1918.